UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE ROBINSON, | ) | Case No.  3:08 CV 2411 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| -vs- | ) | |
| | ) | |
| NEW TECHNOLOGY STEEL, et al., | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Lawrence Robinson brings this in forma pauperis action against New Technology Steel (NTS), NTS Plant Manager John Moran, NTS Production Manager Charles Kruse, NTS Press Operator Donnie Powell and NTS Press Operator Patrick Wimberely.  Mr. Robinson maintains that this court has federal question jurisdiction based on an asserted violation of 42 U.S.C. §1981. He seeks an order enjoining defendants from further defaming his reputation, as well as compensatory damages.

BACKGROUND

Mr. Robinson was employed as a temporary worker at New Technology in August 2006. For reasons unknown, his co-workers began leveling false allegations and accusations against him at work. He was accused of "derogatory Acts while working at New Technology Steel Co., and then start [sic] calling plaintiff inappropriate names while at New Technology Steel Co." (Compl. at 3.) At the time these incidents occurred, Mr. Robinson complained to Mr. Kruse, who promised to speak to the employees about their behavior. Plaintiff also complained to Mr. Moran about the false allegations. He, too, promised to speak with anyone who made a false accusations about the plaintiff.

By 2007, Mr. Robinson "refused" to return to NTS, "through, and by the employment temporary agency." (Compl. at 3.) In March 2007, Mr. Wimberely learned of plaintiff's new residence and "went to the local Neighbor(s) and transferring [sic] the on-going false allegations, and false statements (derogatory), and inappropriate name callings that all was [sic] created at New Technology Steel Co." (Compl. at 3.) Mr. Wimberely's actions caused plaintiff's neighbors to react negatively towards him. As a result, Mr. Robinson filed police reports against his neighbors and Mr. Wimberely.

Mr. Robinson alleges that the defendants made false allegations and accusations against him within one month after he started working at New Technology. Moreover, he accuses them of defamation and slander. These actions have damaged his reputation as a "college student in [an] automotive career."(Compl. at 4.)

STANDARD OF REVIEW

Pro se pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365

2

(1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972). A district court is required to dismiss an action under 28 U.S.C. §1915(e), however, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

FAILURE TO STATE A CLAIM

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

42 U.S.C. § 1981

Even liberally construing Mr. Robinson's complaint, the court cannot identify a valid federal claim. The statute he invokes, 42 U.S.C. § 1981, provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C. § 1981. The complaint, however, fails to state any claim based on race. Without this minimal

pleading requirement, see FED. CIV. R. 8, the court cannot construe a claim unsupported by the facts alleged in the complaint. Even if Mr. Robinson is alleging claims of defamation or slander, he has not stated a federal claim. Federal courts can only exercise supplemental jurisdiction over a state law claim in an action in which it has original jurisdiction and the companion state law claims in the action "form part of the same case or controversy." City of Chicago v. International Bd. of Surgeons, 522 U.S. 156 (1997). Without original jurisdiction, this court declines to exercise supplemental jurisdiction over any potential state law claims.

## CONCLUSION

Accordingly, plaintiff's Motion to Proceed in forma pauperis is granted. This action is **dismissed** under section 1915(e), but without prejudice to any potential state law claims he may have. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT